UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

| | |
|---|---|
| ROBERT HALF INTERNATIONAL, INC.<br>    Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| PFPC DISTRIBUTORS, INC., f/k/a<br>FIRST DATA CORPORATION, and<br>KELLY SERVICES, INC.,<br>    Defendants | ) <br> ) <br> ) <br> ) |

**01-40158-NMG**

## NOTICE OF REMOVAL

To the Clerk of the above-entitled court:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a),

Defendants PFPC Distributors ("PFPC") and Kelly Services, Inc. ("Kelly") hereby

remove to this Court Civil Action No. 01-1458C from the Superior Court Department of

the Trial Court, Worcester County, Commonwealth of Massachusetts, a state court

within the District of Massachusetts, and state:

### INTRODUCTION

1.    This is a purported breach of contract suit in which the plaintiff, Robert

Half International, Inc. seeks payment for the placement of temporary personal through

and with the defendants. The plaintiff has asserted claims for breach of contract, unjust

enrichment, quantum meruit and negligence.  Plaintiff seeks damages in the amount of

$94,820.56 from each of the defendants.  (Complaint, ¶¶ 142 and 154 and Request for

Relief; Superior Civil Court Action Cover Sheet.)

2.    This action was originally filed in the Massachusetts Superior Court for

Worcester County as Civil Action No. C.A. 01-1458C.

BOS-478899 v1 0950000-102

**FILING FEE PAID:**
RECEIPT # _463537_
AMOUNT $ _150.00_
BY DPTY CLK _(BR)_
DATE _8/20/01_



3.      There is jurisdiction over this removed action pursuant to 28 U.S.C. §1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. §1332.  Specifically, this suit is removable here because, as set forth more fully below, there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy with respect to each defendant exceeds $75,000, exclusive of interest and costs.

4.      On or about July 17, 2001, Plaintiff filed his complaint in Worcester Superior Court.  PFPC first received a copy of the Summons and Complaint by service made on July 20, 2001; Kelly first received a copy of the Summons and Complaint by service made on July 23, 2001.  This Notice of Removal is therefore timely under 28 U.S.C.  §1446(b).

5.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Defendants are attached hereto.  Pursuant to Rule 81.1 of this Court, Defendants will file, within thirty days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Worcester Superior Court and a certified or attested copy of all docket entries in the Worcester Superior Court.

6.      Pursuant to 28 U.S.C. §1446(d), Plaintiff is being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

7.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court, Worcester County, on this date.

## JURISDICTIONAL BASIS FOR REMOVAL

I.     Complete Diversity

8.      On information and belief, the plaintiff is a California corporation with a principal place of business in Pleasanton, California.  Defendant PFPC is now, and was at the time this action was commenced, a corporation organized under the laws of the State of Massachusetts, with its principal place of business in the Westborough, Massachusetts.  Defendant Kelly is now, and was at the time this action was commenced, a corporation organized under the laws of the State of Delaware, with its principal place of business in Troy, Michigan.  Accordingly, complete diversity indisputably exists between Plaintiff and all Defendants.

II.    Amount in Controversy

9.      Plaintiff alleges that the defendants each breached a contract with the plaintiff to pay for temporary services provided by the plaintiff.  The plaintiff seeks contractual damages in the amount of $94,820.56 for each defendant.  Accordingly, it is indisputable that the amount in controversy with respect to each defendant exceeds $75,000, exclusive of interest and costs.

10.     For all of the reasons set forth above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 and the action is removable pursuant to 28 U.S.C. §1441.  Each of the named defendants joins in this petition for removal.

WHEREFORE, Defendants pray that the above-captioned action be removed from the Superior Court, Worcester County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Dated this _____17th_____ day of August, 2001.

PFPC Distributors, Inc.

By:_____
    Wm. Shaw McDermott, BBO# 330860
    Jeanne E. Demers, BBO # 561255
    KIRKPATRICK & LOCKHART LLP
    75 State Street
    Boston, MA  02109
    (617) 261-3100

KELLY SERVICES, INC.

By:_____
    Jaclyn L. Kugell, BBO# 561622
    Maura McLaughlin, BBO# 634923
    MORGAN, BROWN & JOY
    1 Boston Place
    Boston, MA 02109
    (617) 523-6666

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

A TRUE COPY ATTEST
DEPUTY SHERIFF

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 01-1458C

ROBERT HALF INTERNATIONAL, INC.,                )
                                                )
                                                )
                                    Plaintiff (s) )     **SUMMONS**
                                                )
                            V.                  )
PFPC DISTRIBUTORS, INC., f/k/a                  )
FIRST DATA CORPORATION, AND                     )
KELLY SERVICES, INC.,          Defendant (s)    )

\*   To the above-named Defendant: Kelly Services, Inc., 4400 Computer Drive, Westboro
MA 01580.

You are hereby summoned and required to serve upon... David M. Rosen, Harmon Law
Offices, P.C. ......................................................................, plaintiff's attorney,
whose address is P.O. Box 610389, Newton Highlands, MA 02461-0389 ..............
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...18th................
day of ..........July..........................................in the year of our Lord two thousand and
.....................two. .

A TRUE COPY ATTEST 7/23/01
DEPUTY SHERIFF

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

A TRUE COPY/ATTEST

7-30-01

DEPUTY SHERIFF

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No. 01-14580

ROBERT HALF INTERNATIONAL, INC.,

                                  **Plaintiff (s)**

            **v.**

PFPC DISTRIBUTORS, INC., f/k/a
FIRST DATA CORPORATION, AND
KELLY SERVICES, INC.,          **Defendant (s)**

# SUMMONS

    To the above-named Defendant:  PFPC Distributors, Inc., f/k/a First Data Corp., 4400 Computer Drive, Westboro, MA 01580.

    You are hereby summoned and required to serve upon David M. Rosen, Harmon Law Offices, P.C. .............................................................., plaintiff's attorney, whose address is P.O. Box 610389, Newton Highlands, MA 02461-0389 ................ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.....18th.............., day of ......................July.......................................in the year of our Lord two thousand and ........two............ .

*Louigh Lamourea*
                               **Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

    PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................................................................

20............., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) {1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated: .................................., 20.................. .

N.B. TO PROCESS SERVER:

    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.  01-1458C

ROBERT HALF INTERNATIONAL, INC., ........................ Plaintiff

v.

PFPC DISTRIBUTORS, INC., f/k/a
FIRST DATA CORPORATION, AND
KELLY SERVICES, INC., ........................ Defendants

SUMMONS

(Mass. R. Civ. P. 4)

County: Worcester

PLAINTIFF(S)
ROBERT HALF INTERNATIONAL, INC.

DEFENDANT(S)
PFPC DISTRIBUTORS, INC., f/k/a FIRST DA
CORPORATION, AND KELLY SERVICES, INC.,,

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 558-8400
David M. Rosen, Esq.
Harmon Law Offices, P.C
P.O. Box 610389, Newton Highlands, MA   02461
Board of Bar Overseers number:  552666

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:

| | |
|---|---|
| [X] 1. F01 Original Complaint | [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (/ trial) (X) |
| [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F) | [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X) |
| [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X) | [ ] 6. E10 Summary Process Appeal (X) |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

A01                 Contract                    ( F )          (  ) Yes        ( X ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determ
money damages. For this form, disregard double or treble damage claims; indicate single damages

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
   2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
   3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
   4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
   5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
                                                                                             Subtotal $ . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
F.  Other documented items of damages (describe)

                                                                                                   $ . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                                   $ . . . . . . . .
                                                                                      TOTAL $ . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
This is an action to collect for contractual services performed by the plaintiff,
Robert Half International, Inc. by placing several temporary employees with
PFPC Distributors, Inc., f/k/a First Data Corporation through Kelly Services,
Inc.  Kelly Services, Inc. was the on-site personnel vendor for PFPC        TOTAL $.94,820..
Distributors, Inc. f/k/a First Data Corporation.
PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOI
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Ru
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected d
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___David M Ros___                        DATE: 7/c/.

A01C-6 mtc006-11/00
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.   01-1458 C

---

ROBERT HALF INTERNATIONAL,
INC.,

        Plaintiff,

v.

PFPC DISTRIBUTORS, INC., F/K/A
FIRST DATA CORPORATION, AND
KELLY SERVICES, INC.

        Defendant.

---

## COMPLAINT

### Introduction

This is an action to collect for contractual services performed by the plaintiff, Robert Half International, Inc. ("Robert Half"), by placing several temporary employees with PFPC Distributors, Inc., f/k/a First Data Corporation through Kelly Services, Inc. Kelly Services, Inc. was the on-site personnel vendor for PFPC Distributors, Inc. f/k/a First Data Corporation.

### PARTIES

1.     The Plaintiff, Robert Half, is a California corporation with a principal place of business at 5720 Stoneridge Drive, Suite Three, Pleasanton, CA 94588.

2.    The Defendant, PFPC Distributors, Inc., f/k/a First Data Corporation (hereinafter "PFPC") is, upon information and belief, a business entity with a principle place of business at 4400 Computer Drive, Westboro, MA 01580.

3.    The Defendant, Kelly Services, Inc., (hereinafter the "Kelly Services") is, upon information and belief, a business entity acting as the on-site personnel vendor for PFPC at the 4400 Computer Drive, Westboro, MA 01580.

## FACTS

4.    Robert Half is in the business of placing temporary and permanent employees in businesses throughout the United States.

5.    During calendar years 1998-1999, Robert Half provided temporary employees to Kelly Services and PFPC.  The employees names, dates of work and amount due are set forth as follows:

### Amey Hamlen

6.    Robert Half placed Amey Hamlen ( "Hamlen") as an employee at PFPC's business on a temporary basis.

7.    Hamlen worked at PFPC's business through the week ending February 13, 1998.

8.    The total amount owed to Robert Half for services provided is $881.50

### Chi Cuong Tran

9.    Robert Half placed Chi Cuong Tran ("Tran") as an employee at PFPC's business on a temporary basis.

2

10. Tran worked at PFPC's business through the weeks ending April 24, 1998, May 1, 1998, May 8, 1998, May 15, 1998, May 22, 1998, May 29, 1998, June 5, 1998, June 12, 1998, June 19, 1998, June 26, 1998, July 3, 1998, July 10, 1998, July 17, 1998, July 24, 1998, July 31, 1998, and August 21, 1998.

11. The total amount owed to Robert Half for services provided is $10,808.60.

### Constance Marie Bush

12. Robert Half placed Constance Marie Bush ("Bush") as an employee at PFPC's business on a temporary basis.

13. Bush worked at PFPC's business through the weeks ending July 31, 1998 and September 4, 1998.

14. The total amount owed to Robert Half for services provided is $1,680.00.

### Cynthia Kinnecome

15. Robert Half placed Cynthia Kinnecome ("Kinnecome") as an employee at PFPC's business on a temporary basis.

16. Kinnecome worked at PFPC's business through the weeks ending July 24, 1998, July 31, 1998 and August 7, 1998.

17. The total amount owed to Robert Half for services provided is $1,518.75

### David Lebese

18. Robert Half placed David Lebese ("Lebese") as an employee at PFPC's business on a temporary basis.

19. Lebese worked at PFPC's business through the weeks ending February 13, 1998 and March 27, 1998.

20. The total amount owed to Robert Half for services provided is $3,180.00.

3

### David Zemack

21.    Robert Half placed David Zemack ("Zemack") as an employee at PFPC's business on a temporary basis.

22.    Zemack worked at PFPC's business through the weeks ending February 19, 1998, May 8, 1998, September 4, 1998, September 11, 1998, September 18, 1998, September 25, 1998, October 2, 1998, October 9, 1998 and October 23, 1998.

23.    The total amount owed to Robert Half for services provided is $7,368.00.

### Dean Jacobus

24.    Robert Half placed Dean Jacobus ("Jacobus") as an employee at PFPC's business on a temporary basis.

25.    Jacobus worked at PFPC's business through the week ending May 8, 1998.

26.    The total amount owed to Robert Half for services provided is $902.28.

### Debra Kay Waddell

27.    Robert Half placed Debra Kay Waddell ("Waddell") as an employee at PFPC's business on a temporary basis.

28.    Waddell worked at PFPC's business through the week ending February 27, 1998.

29.    The total amount owed to Robert Half for services provided is $806.59.

### Diane S. Sigel

30.    Robert Half placed Diane S. Sigel ("Sigel") as an employee at PFPC's business on a temporary basis.

31.    Sigel worked at PFPC's business through the weeks ending September 4, 1998, September 11, 1998, September 18, 1998, September 25, 1998, October 2, 1998, October 9, 1998, October 16, 1998, October 23, 1998, October 30, 1998, November 6, 1998, November 13,

4

1998, November 20, 1998, November 27, 1998, December 4, 1998, December 11, 1998 and December 18, 1998.

32.    The total amount owed to Robert Half for services provided is $11,076.33.

### Donna K. Ricci

33.    Robert Half placed Donna K. Ricci ("Ricci") as an employee at PFPC's business on a temporary basis.

34.    Ricci worked at PFPC's business through the weeks ending April 30, 1998, May 14, 1998, May 21, 1998, May 28, 1998, June 18, 1998, June 25, 1998, July 2, 1998, July 9, 1998, July 16, 1998, July 23, 1998, July 30, 1998, September 11, 1998, January 29, 1999, March 5, 1999, April 16, 1999, May 7, 1999, June 4, 1999, June 11, 1999, August 13, 1999, August 20, 1999, August 27, 1999, September 3, 1999,

35.    The total amount owed to Robert Half for services provided is $16,029.78.

### Elaine Lee

36.    Robert Half placed Elaine Lee ("Lee") as an employee at PFPC's business on a temporary basis.

37.    Lee worked at PFPC's business through the week ending June 5, 1998.

38.    The total amount owed to Robert Half for services provided is $895.26.

### Eleanor Randall

39.    Robert Half placed Eleanor Randall ("Randall") as an employee at PFPC's business on a temporary basis.

40.    Randall worked at PFPC's business through the week ending April 10, 1998.

41.    The total amount owed to Robert Half for services provided is $448.50.

5

### Enrico Marconi

42.  Robert Half placed Enrico Marconi ("Marconi") as an employee at PFPC's business on a temporary basis.

43.  Marconi worked at PFPC's business through the week ending May 8, 1998.

44.  The total amount owed to Robert Half for services provided is $110.40.

### James Wesley Devore

45.  Robert Half placed James Wesley Devore ("Devore") as an employee at PFPC's business on a temporary basis.

46.  Devore worked at PFPC's business through the week ending April 3, 1998.

47.  The total amount owed to Robert Half for services provided is $3,640.00.

### Jeanette Molina

48.  Robert Half placed Jeanette Molina ("Molina") as an employee at PFPC's business on a temporary basis.

49.  Molina worked at PFPC's business through the week ending July 3, 1998.

50.  The total amount owed to Robert Half for services provided is $3,000.00.

### Jennifer Jo Leary

51.  Robert Half placed Jennifer Jo Leary ("Leary") as an employee at PFPC's business on a temporary basis.

52.  Leary worked at PFPC's business through the weeks ending March 27, 1998

53.  The total amount owed to Robert Half for services provided is $2,500.00.

### Jennifer R. Tarlin

6

54. Robert Half placed Jennifer R. Tarlin ("Tarlin") as an employee at PFPC's business on a temporary basis.

55. Tarlin worked at PFPC's business through the week ending March 27, 1998.

56. The total amount owed to Robert Half for services provided is $551.00.

### Jenny I. Reardon

57. Robert Half placed Jenny I. Reardon ("Reardon") as an employee at PFPC's business on a temporary basis.

58. Reardon worked at PFPC's business through the week ending June 5, 1998.

59. The total amount owed to Robert Half for services provided is $180.00.

### Joseph F. Bazile

60. Robert Half placed Joseph F. Bazile ("Bazile") as an employee at PFPC's business on a temporary basis.

61. Bazile worked at PFPC's business through the weeks ending April 24, 1998 and May 1, 1998.

62. The total amount owed to Robert Half for services provided is $492.80.

### Judith Frances Moran

63. Robert Half placed Judith Frances Moran ("Moran") as an employee at PFPC's business on a temporary basis.

64. Moran worked at PFPC's business through the week ending February 13, 1998.

65. The total amount owed to Robert Half for services provided is $684.00.

### Karen B. Israel

7

66. Robert Half placed Karen B. Israel ("Israel") as an employee at PFPC's business on a temporary basis.

67. Israel worked at PFPC's business through the weeks ending August 7, 1998, August 14, 1998 and September 4, 1998.

68. The total amount owed to Robert Half for services provided is $1,286.40.


### Kurnia Hermawan

69. Robert Half placed Kurnia Hermawan ("Hermawan") as an employee at PFPC's business on a temporary basis.

70. Hermawan worked at PFPC's business through the week ending April 24, 1998.

71. The total amount owed to Robert Half for services provided is $369.60.

### Laksawan Wongworrakan

72. Robert Half placed Laksawan Wongworrakan ("Wongworrakan") as an employee at PFPC's business on a temporary basis.

73. Wongworrakan worked at PFPC's business through the weeks ending March 20, 1998, April 24, 1998, May 8, 1998, and June 5, 1998.

74. The total amount owed to Robert Half for services provided is $3,426.78.

### Laura Capehart

75. Robert Half placed Laura Capehart ("Capehart") as an employee at PFPC's business on a temporary basis.

76. Capehart worked at PFPC's business through the week ending September 24, 1999.

77. The total amount owed to Robert Half for services provided is $315.00.

8

### Marjorie Emerald McMeo

78.   Robert Half placed Marjorie Emerald McMeo ("McMeo") as an employee at PFPC's
      business on a temporary basis.

79.   McMeo worked at PFPC's business through the week ending May 1, 1998.

80.   The total amount owed to Robert Half for services provided is $367.50.

### Michael T. Hanley

81.   Robert Half placed Michael T. Hanley ("Hanley") as an employee at PFPC's business on a
      temporary basis.

82.   Hanley worked at PFPC's business through the weeks ending June 12, 1998, July 24, 1998,
      October 2, 1998, October 9, 1998 and October 23, 1998.

83.   The total amount owed to Robert Half for services provided is $3,348.80.

### Mohammed Majunder

84.   Robert Half placed Mohammed Majunder ("Majunder") as an employee at PFPC's business
      on a temporary basis.

85.   Majunder worked at PFPC's business through the weeks ending May 1, 1998 and July 24,
      1998.

86.   The total amount owed to Robert Half for services provided is $1,724.80.

### Nancy A. West

87.   Robert Half placed Nancy A. West ("West") as an employee at PFPC's business on a
      temporary basis.

88.   West worked at PFPC's business through the week ending September 18, 1998.

89.   The total amount owed to Robert Half for services provided is $1,106.06.

9

### Nikola S. Tsaprev

90.   Robert Half placed Nikola S. Tsaprev ("Tsaprev") as an employee at PFPC's business on a temporary basis.

91.   Tsaprev worked at PFPC's business through the weeks ending March 27, 1998, April 17, 1998, May 22, 1998, June 26, 1998 and July 3, 1998.

92.   The total amount owed to Robert Half for services provided is $3,515.60.

### Nitikit Ratasap

93.   Robert Half placed Nitikit Ratasap ("Ratasap") as an employee at PFPC's business on a temporary basis.

94.   Ratasap worked at PFPC's business through the weeks ending April 24, 1998 and May 1, 1998.

95.   The total amount owed to Robert Half for services provided is $515.20.

### Paul T. Gardner

96.   Robert Half placed Paul T. Gardner ("Gardner") as an employee at PFPC's business on a temporary basis.

97.   Gardner worked at PFPC's business through the weeks ending January 30, 1998, May 8, 1998 and May 15, 1998.

98.   The total amount owed to Robert Half for services provided is $2,477.75.

### Prasirt Lerkumnueychok

99.   Robert Half placed Prasirt Lerkumnueychok ("Lerkumnueychok") as an employee at the PFPC's business on a temporary basis.

100.   Lerkumnueychok worked at PFPC's business from the week ending April 10, 1998, April 17, 1998, April 24, 1998, May 1, 1998, May 8, 1998, May 22, 1998, May 29, 1998, June 5,

1998, June 12, 1998, June 19, 1998, June 26, 1998, July 3, 1998, July 10, 1998, July 17,
1998, July 24, 1998, July 31, 1998, August 7, 1998, August 14, 1998, August 21, 1998,
August 28, 1998, September 4, 1998, September 11, 1998, September 18, 1998, September
25, 1998, October 2, 1998, October 9, 1998, October 16, 1998, October 23, 1998, October
30, 1998, November 6, 1998, November 13, 1998, November 20, 1998, November 27,
1998, December 4, 1998, December 11, 1998, December 18, 1998, December 25, 1998,
January 1, 1999, January 8, 1999, January 15, 1999, January 22, 1999, January 29, 1999,
February 5, 1999, February 12, 1999, and February 19, 1999.

101. The total amount owed to Robert Half for services provided is $32,556.60.

### Richard L. Casey, Jr.

102. Robert Half placed Richard L. Casey, Jr. ("Casey") as an employee at PFPC's business on a
temporary basis.

103. Casey worked at PFPC's business through the week ending May 1, 1998.

104. The total amount owed to Robert Half for services provided is $919.94.

### Robert A. Podolak

105. Robert Half placed Robert A. Podolak ("Podolak") as an employee at PFPC's business on a
temporary basis.

106. Podolak worked at PFPC's business through the weeks ending April 24, 1998 and May 1,
1998.

107. The total amount owed to Robert Half for services provided is $856.63.

### Scott Levine

108. Robert Half placed Scott Levine ("Levine") as an employee at PFPC's business on a
temporary basis.

11

109.   Levine worked at PFPC's business through the week ending August 21, 1998

110.   The total amount owed to Robert Half for services provided is $598.95.

### Sean Michael Guerino

111.   Robert Half placed Sean Michael Guerino ("Guerino") as an employee at PFPC's business on a temporary basis.

112.   Guerino worked at PFPC's business through the weeks ending May 8, 1998 and May 29, 1998.

113.   The total amount owed to Robert Half for services provided is $158.40.

### Thomas J. McLaughlin

114.   Robert Half placed Thomas J. McLaughlin ("McLaughlin") as an employee at PFPC's business on a temporary basis.

115.   McLaughlin worked at PFPC's business through the weeks ending May 29, 1998 and June 5, 1998.

116.   The total amount owed to Robert Half for services provided is $2,656.00.

### Tsutomu Takahashi

117.   Robert Half placed Tsutomu Takahashi ("Takahashi") as an employee at PFPC's business on a temporary basis.

118.   Takahashi worked at PFPC's business through the weeks ending May 1, 1998, May 8, 1998, May 15, 1998, May 22, 1998 and May 29, 1998.

119.   The total amount owed to Robert Half for services provided is $3,800.78.

### Vellayappan Subramaniam

120.   Robert Half placed Vellayappan Subramaniam ("Subramaniam") as an employee at PFPC's business on a temporary basis.

121.   Subramaniam worked at PFPC's business through the weeks ending May 29, 1998, June 12, 1998, September 18, 1998, September 25, 1998, October 9, 1998, October 16, 1998, October 23 1998 and October 30 1999.

122.   The total amount owed to Robert Half for services provided is $6,921.20.

### Victor G. Ogutuga

123.   Robert Half placed Victor G. Ogutuga ("Ogutuga") as an employee at PFPC's business on a temporary basis.

124.   Ogutuga worked at PFPC's business through the week ending February 13, 1998.

125.   The total amount owed to Robert Half for services provided is $165.75.

### William T. O'Dell

126.   Robert Half placed William T. O'Dell ("O'Dell") as an employee at PFPC's business on a temporary basis.

127.   O'Dell worked at PFPC's business through the weeks ending April 24, 1998 and May 1, 1998.

128.   The total amount owed to Robert Half for services provided is $492.80.

129.   The Conditions of Assignment that appear on the bottom portion of the time sheets, representing the weeks worked by each above mentioned employee, indicate that signature of the time sheet constitutes acceptance of the terms of the Conditions of Assignment. The Conditions of Assignment provide that Robert Half bills weekly for hours worked by temporary employees. A true and accurate copy of the Conditions of Assignment is attached hereto as "Exhibit "A" and specifically incorporated herein by reference.

13

130.   On or about August 4, 2000, a written demand was made upon PFPC to pay for services rendered in connection with the employees referenced above. A true and accurate copy of the demand is attached hereto as Exhibit "B" and specifically incorporated herein by reference.

131.   On or about April 25, 2001, a written demand was made upon PFPC through the Chief Legal Counsel to pay for services rendered in connection with the employees referenced above. A true and accurate copy of the demand is attached hereto as Exhibit "C" and specifically incorporated herein by reference.

132.   Despite demand, PFPC has failed to pay the amount due and owing.

133.   Kelly Services was responsible for submitting Robert Half's time sheets to PFPC f/k/a First Data Corporation for approval and payment.

134.   As of June 25, 2001, PFPC remains indebted to Robert Half in connection with the services provided by the employees above referenced in the amount of $94,820.56, which takes into consideration and gives PFPC credit for payments made after the invoices were generated.

## COUNT I

### (Breach of Contract by PFPC Distributors, Inc. f/k/a First Data Corp.)

135.   The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 134 of this Complaint as if fully set forth herein.

136.   The Defendant, PFPC Distributors, Inc. f/k/a First Data Corporation, agreed to pay Robert Half for the employee placement services provided.

137.   The Defendant, PFPC Distributors, Inc. has breached the terms of the contract by failing to pay for services rendered.

14

138. Accordingly, the Plaintiff is entitled to judgment against the Defendant, PFPC Distributors, Inc., in the sum of $94,820.56, pursuant to the terms of the Conditions of Assignment.

## COUNT II

### (Unjust Enrichment of PFPC Distributors, Inc. f/k/a First Data Corp.))

139. The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 138 of this Complaint as if fully set forth herein.

140. The Defendant, PFPC Distributors, Inc., has received the benefits of employment placement services provided by Robert Half and has failed to pay for Robert Half's services.

141. The Defendant, PFPC Distributors, Inc., will be unjustly enriched if it does not pay Robert Half for the services provided.

142. Accordingly, the Defendant, PFPC Distributors, Inc., is liable to the Plaintiff in the amount of $94,820.56, pursuant to the terms of the Conditions of Assignment, under the principles of unjust enrichment.

## COUNT III

### (Quantum Meruit)

143. The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 142 of this Complaint as if fully set forth herein.

144. The Plaintiff provided services to PFPC with a value of $94,820.56.

145. Accordingly, PFPC is liable to the Plaintiff for the sum of $94,820.56.

## COUNT IV

### (Unjust Enrichment of Kelly Services, Inc.)

146. The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 145 of this Complaint as if fully set forth herein;

15

147.   Kelly Services was the on-site personnel vendor and benefited from the employees placed by Robert Half at PFPC's offices;

148.   Kelly Services has been unjustly enriched to the extent that Kelly Services received payment from PFPC f/k/a First Data Services for services provided by Robert Half's temporary employees and failed to forward such payment to Robert Half;

149.   Accordingly, the Defendant, Kelly Services, is liable to the Plaintiff in the amount of $94,820.56, under the principles of unjust enrichment.

## COUNT V
### (Negligence of Kelly Services)

150.   The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 149 of this Complaint as if fully set forth herein;

151.   The Plaintiff says that due to Kelly Services' negligence in acting as a vendor, Plaintiff has been damaged in the amount of $94,820.56;

## COUNT VI
### (Breach of Contract by Kelly Services)

152.   The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 151 of this Complaint as if fully set forth herein.

153.   The Plaintiff says that Kelly Services breached its contract with Plaintiff by failing to properly administer its services to ensure that Plaintiff was paid for the services it provided.

154.   As a result of Defendant's breach, Plaintiff has been damaged in the amount of $94,820.56.

**WHEREFORE**, the Plaintiff, Robert Half International, Inc, prays that:

1.   Pursuant to Counts I, II and III, this Court enter judgment against the Defendant, PFPC Distributors, Inc., in the amount of $94,820.56;

16

2.   Pursuant to Counts VI, V and VI this Court enter judgment against the Defendant Kelly Services, Inc., in the amount of $94,820.56;

3.   The Court award Robert Half its attorneys fees and costs for bringing this action;

4.   The Court grant such other further relief as it deems just and appropriate.

ROBERT HALF INTERNATIONAL, INC.
By Its Attorney,

David M. Rosen
BBO #552866
Veronica C. Viveiros
BBO #631233
HARMON LAW OFFICES, P.C.
150 California Street, Newton, MA  02458
MAILING ADDRESS:  P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

DATED: July _12_, 2001

17

# MAIL ON FRIDAY TO ENSURE PROMPT PAYMENT

## OFFICE/TEAM EMPLOYEE

THE DAYS SHOWN ON THIS TIME SHEET ARE CORRECT

## CONDITIONS OF ASSIGNMENT

—CLIENT APPROVAL—
UPON CORRECT, BY SIGNING THIS CLIENT APPROVAL, WE AGREE TO BE
BOUND BY THE CONDITIONS OF ASSIGNMENT AS STATED BELOW.

FOLD AND RETURN WHITE COPIES FOR PAYROLL PROCESSING. BLUE COPY TO CLIENT COMPANY.
THIS COPY TO EMPLOYEE. MAIL WITH DUES UPON RETURN FROM ASSIGNMENT ON FRIDAY.

EXHIBIT
A

**RHI** Robert Half International Inc.

60 Temple Place, 3rd Floor, Boston, MA   02111-1300
(617) 832-0700 ext. 288   Fax (617) 832-0713

FPC Inc.
ttn: Kathy Taylor – Accounting Manager
400 Computer Drive
ailstop 2AW90
'estboro MA 01581

igust 4, 2000

ear Ms. Taylor,

r our August 2, 2000 telephone conversation I have enclosed documentation of First Data's delinquent
lance with our organization. The outstanding balance is $134,334.33. You will recall that the invoices
luded in this package were incurred at a time when Kelly Services was First Data's on site personnel vendo
lly funneled First Data requests for temporary help to Robert Half and we billed you directly for the service
vided.

er the past year and a half we have been working diligently with Kelly to try to resolve the remaining
standing balance for services rendered. The main issue seems to be that our temps documented their hours
rked on Robert Half document stock rather than Kelly's. In any event the services were rendered and are
itimately owed. Any help you can provide in helping to resolve this matter would be greatly appreciated. I
. be reached at 617-832-0700 ext.288 with any questions, comments or concerns.

inks again for your attention to this matter, I look forward to working with you to resolve this issue.

cerely,

Thomas M. Mello per C. R.

mas M. Mello

   Cathy Cobb – Kelly Services
   Jim Davis – Robert Half International
   William Hayes – Robert Half International

**EXHIBIT**
_B_

LAW OFFICES

**BURNETT & MATTHEWS LLP**
A LIMITED LIABILITY PARTNERSHIP
660 NEWPORT CENTER DRIVE, SUITE 340
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 729-0705
TELECOPIER (949) 729-0820

Arturo E. Matthews, Jr.
Attorney at Law

April 25, 2001

By Federal Express

Mary J. Hackett, Esq.
Chief Counsel-Litigation
PNC
249 Fifth Avenue, 21st Floor
Pittsburgh, Pennsylvania 15222

Re:   Robert Half International, Inc. ("RHII")/First Data

Dear Mary:

Enclosed are copies of those invoices and corresponding timesheets (where available) that give rise to RHII's claim in this matter. You will note that the invoices total $134,254.33. Of this amount, invoices totaling $41,819.02 do not have accompanying timesheets. These invoices apparently fall into the category of those where the original timesheet presented to Kelly Services by RHII was not thereafter presented to First Data for approval.

The remaining invoices totaling $92,435.31 are accompanied by appropriate timesheets.

You will note that the amount of the invoices exceeds that set forth in our prior demand letter. Apparently, credits and/or payments were made subsequent to the generation of these invoices leaving a balance due of $94,820.56.

Request is made that your staff review the enclosed documents and compare them with your records. I am hopeful that we can reach an amicable resolution of this matter and request that you contact me by Friday, May 4, 2001 to discuss this matter further.

Very truly yours,

Arturo E. Matthews, Jr.

AME:cjb
Enclosures


EXHIBIT

## CERTIFICATE OF SERVICE

I, Jeanne E. Demers, hereby certify that on August 20, 2001, I served a copy of the foregoing via first class mail to the following:

Jaclyn L. Kugell, Esq.
Maura McLaughlin,
MORGAN, BROWN & JOY
1 Boston Place
Boston, MA 02109

David M. Rosen, Esq.
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458

_____
Jeanne E. Demers

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Half International, Inc.

## DEFENDANTS

PFPC Distributors, Inc. f/k/a First Data Corp. and Kelly Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    California
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David M. Rosen      (617-558-0500)
Harmon Law Offices
150 California Street (P.O. Box 610389)
Newton, MA 02458

ATTORNEYS (IF KNOWN) Wm. Shaw McDermott, JeanneE. Demers
Kirkpatrick & Lockhart, LLP, 75 State Street
Boston, MA 02109 (617-261-3100)
Jaclyn L. Kugell, Morgan, Brown & Joy,
1 Boston Place, Boston, MA 02109 (617-523-6666)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of Contract

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 94,820.56

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  8-20-01

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Robert Half International

    v. PFPC Distributors, Inc.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
    SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___     I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___     II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                   740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    X       III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    ___     IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ___     V.     150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

    Not Applicable

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST?   No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?  (SEE 28 USC 2403)   No

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28
    USC 2284?   No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
    COUNTY) - (SEE LOCAL RULE 40.1(C)).  YES   No          OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN,
    HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES  No
    ___

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
    DISTRICT?   YES   Yes                          (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF
    RESIDE?  Central (Westborough)

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  Central (Westborough)

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY
    OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION  N/A          OR
    WESTERN SECTION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME       Jeanne E. Demers, Kirkpatrick & Lockhart LLP

ADDRESS       75 State Street, Boston, MA 02109

TELEPHONE NO.   (617) 261-3100

(Category.frm - 09/92)